**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARESS SHUMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-CV-3985 |
| ) | |
| METROPLEX, INC., RELATED ) | |
| MANAGEMENT, and ) | |
| 2101 S. MICHIGAN LLC, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

NOW COME Defendants METROPLEX, INC., RELATED MANAGEMENT, and 2101 S. MICHIGAN LLC, by and through their attorneys, Margaret C. Firnstein, Charles J. Prochaska of SmithAmundsen LLC. Pursuant to 28 U.S.C. §§ 1331, 1441, 1367, and 1446, Defendants seek to remove this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

**I.  Statement of Facts**

1. This matter arises out of allegations that Defendants admitted Plaintiff's boyfriend into the building to visit Plaintiff's residence without Plaintiff's prior authorization. Later, Defendants terminated Plaintiff's lease when she was prosecuted criminally for causing the death of her boyfriend and held in custody in the Cook County jail.

2. On March 7, 2018, Plaintiff filed an initial Complaint in the Circuit Court of Cook County, Illinois. (A copy of the initial Complaint and associated Summons is attached as Exhibit "A"). Defendants were served with the Complaint on or about March 16, 2018.

3.  Before Defendants filed their Answer to Plaintiff's Complaint, Plaintiff requested leave to file an Amended Complaint, which was granted on 5/1/18 by Judge Walker (A copy of the Case Management Order is attached as Exhibit "B").

4.  On May 18, 2018, Plaintiff filed an amended Complaint. (A copy of the amended Complaint and is attached as Exhibit "C").

5.  To date, there have not been any proceedings or motion practice other than the filing of the original and amended Complaints.

## II. Removal is Proper

### a. *There exist jurisdictional bases for removing this action.*

6.  Defendants' Notice of Removal is based upon subject matter jurisdiction conferred by federal questions as established by 28 U.S.C. § 1331 and supplemental jurisdiction as established by 28 U.S.C. §1367.

7.  Plaintiff's Amended Complaint alleges five counts of federal law claims, including violations of the Fourteenth Amendment's Procedural Due Process Clause and Substantive Due Process Clause. In addition, Plaintiff asserts five Illinois state law claims, such as negligence and breach of contract.

8.  Under 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(a) authorizes a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998). The presence of even one claim "arising under" federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for

removal. *Id.* Therefore, this Court has original jurisdiction over the federal law claims asserted in the amended Complaint, which allows the removal of this action.

9. Pursuant to 28 U.S.C. § 1367(a), where plaintiff raises both federal and state law claims, a federal court has supplemental jurisdiction to hear and decide the state law claims so long as the state law claims are so related to the federal law claims that "they form part of the same case or controversy." *Marshall v. Boeing Co.*, 940 F. Supp. 2d 819, 822 (N.D. Ill. 2013) Two claims are part of the same case or controversy if they "derive from a common nucleus of operative facts." *Id*. The amended Complaint provides one singular set of facts that give rise to every single federal law and state law claim. Hence, this Court has supplemental jurisdiction over the state law claims alleged in the amended Complaint as well.

10. This is a civil action over which this Court has federal question jurisdiction under the provisions of 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367, and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

### b. *The initial Complaint was not removable.*

11. Either federal question jurisdiction or diversity jurisdiction is required for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The initial Complaint was not removable due to the lack of both. Specifically, Plaintiff and Defendants are all Illinois residents and therefore there is no diversity jurisdiction. Additionally, there was no actual federal question is raised in the initial Complaint. In order to have federal question jurisdiction, a plaintiff's complaint must be well-pleaded and evoke a federal issue. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). But simply making reference to federal law in a complaint cannot guarantee federal question jurisdiction. The Supreme Court states in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg*, that it never "treat[s] 'federal issue' as a password opening federal courts to any

3

state action embracing a point of federal law." 545 U.S. 308, 314 (2005). The test is whether "a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*.

12.   Under the initial Complaint, the two federal law claims alleged are violations of the Violence Against Women Reauthorizing Act of 2013 ("VAWRA") and the Fair Housing Act ("FHA"). The crimes covered by VAWRA are domestic violence, date violence, and criminal violation of protective order. Defendants did not commit any of such violence against Plaintiff. Additionally, FHA protects people from discrimination against race, color, national origin, religion, sex, disability and the presence of children when they are renting, buying or securing financing for any housing. Plaintiff was able to rent a unit from Defendants without discrimination until she was arrested and being criminally prosecuted. Therefore, no federal question jurisdiction existed for Defendants to remove the initial Complaint.

*c.   This Notice of Removal is timely filed.*

13.   Under 28 U.S.C. §1446(b)(3), if the initial pleading does not indicate the case is removable, a defendant may remove within 30 days of receiving "a copy of an amended pleading" from which it may first be ascertained that the case is one which is or has become removable.

14.   Defendants were served with the amended Complaint on May 18, 2018. Defendants' right to seek removal of this action and their Notice is therefore timely.

15.   Even if this Court found the initial Complaint was removable, the 30-day removal period restarted when Defendants received the amended Complaint because it changed the nature of the case from state law violations and inconsequential federal violations to violations of fundamental Constitutional laws. The removal rights may be revived where a plaintiff deliberately

misleads the defendants about the true nature of the case and then, after the time for removal has passed without action by the defendant, amends the complaint to add the true and weighty federal grounds that he has been holding back. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982).

### III. Providing Notice to State Court

16. As required by 28 U.S.C § 1446(d), the movants will promptly serve upon plaintiff's counsel and file with the Circuit Court of Cook County a true and correct copy of this Notice.

17. By removing this action, Defendants do not waive any defenses available to them.

18. If any question arises as to the propriety of the removal of this action, the movants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Defendants Metroplex, Inc., Related Management, and 2101 S. Michigan LLC, pursuant to 28 U.S.C., §§ 1331，1441，1367, and 1446, pray that this Honorable Court retain jurisdiction of the matter.

                                              Respectfully Submitted,

                                              SMITHAMUNDSEN LLC

                                      By:   /s/ Margaret C. Firnstein

Margaret C. Firnstein
Charles J. Prochaska
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
(312) 894-3210 – FAX