**EXHIBIT "A"**

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
Summons - Alias Summons

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

**(01/25/17) CCG N001**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Caress Shumaker

(Name all parties)

v.

2101 Michigan Investors and Metroplex, Inc.

*et al*

No. 18L002429

*Related Marcgasey
2 N. Lasalle St.
Suite 2300
Chicago IL
60602*

◉ **SUMMONS** ◯ **ALIAS SUMMONS**

To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 , Chicago, Illinois 60602
☐ District 2 - Skokie
   5600 Old Orchard Rd.
   Skokie, IL 60077
☐ District 3 - Rolling Meadows
   2121 Euclid
   Rolling Meadows, IL 60008
☐ District 4 - Maywood
   1500 Maybrook Dr.
   Maywood, IL 60153
☐ District 5 - Bridgeview
   10220 S. 76th Ave.
   Bridgeview, IL 60455
☐ District 6 - Markham 16501
   S. Kedzie Pkwy. Markham,
   IL 60428
☐ Child Support: 50 W.
   Washington, LL-01,
   Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 70344

Name: Melinda Power

Atty. for: Plaintiff

Address: 2502 W. Division

City/State/Zip Code: Chicago, Il. 60622

Telephone: 773-278-6706

Primary Email: melindapower1@gmail.com

Secondary Email:

Tertiary Email:

Witness: MAR 0 7 2018

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:
773 278 0635

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| CARESS SHUMAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) NO. |
| | ) |
| METROPLEX, INC., | ) |
| 2101 S. MICHIGAN LLC, | ) |
| ANSONIA PROPERTIES, LLC, | ) |
| ANSONIA 2101 LLC, and | ) |
| RELATED MANAGEMENT. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the PLAINTIFF, CARESS SHUMAKER, by her undersigned attorneys, and complains against Defendants Related Management, Metroplex, Inc., 2101 S. Michigan LLC, Ansonia Properties LLC, and Ansonia 2101 LLC and alleges as follows:

## JURISDICTION and VENUE

1. This court has jurisdiction over Defendants since Defendants were operating as a business and/or licensed to do business in Cook County, Illinois, at the time of the incident in question. Venue is proper since Defendants' wrongful conduct took place in Cook County, Illinois.

## PARTIES

2. At the time of the incident, Plaintiff, Caress Shumaker, was a tenant at 2101 S. Michigan, Chicago, Cook County, Illinois.

3. Defendant Metroplex, Inc., was at all relevant times operating as a business and/or licensed to do business in Cook County, Illinois.

1

4. Defendant Ansonia Properties was at all relevant times operating as a business and/or licensed to do business in Cook County, Illinois.

5. Defendant Ansonia 2101 LLC was at all relevant times operating as a business and/or licensed to do business in Cook County, Illinois.

6. Defendant 2101 S. Michigan LLC was at all relevant times operating as a business and/or licensed to do business in Cook County, Illinois.

7. Defendant Related Management was at all relevant times operating as a business and/or licensed to do business in Cook County, Illinois.

## STATEMENT OF FACTS

8. On March 9, 2016, Plaintiff was a tenant in 2101 S. Michigan, a building owned and operated by the Defendants.

9. On March 9, 2016, Plaintiff was legally residing in her apartment at 2101 S. Michigan.

10. For some time, and prior to March 9, 2016, Defendants had a policy and practice of employing a security guard who, prior to permitting a non-tenant to visit a tenant, required that the non-tenant showed the security guard in the lobby identification and sign in.

11. Additionally, the security guard then, pursuant to policy and practice of the Defendants, needed to contact the tenant who the non-tenant wished to visit and get the permission of the tenant to let the non-tenant in prior to permitting the non-tenant to enter the building past the location of the security guard.

12. On and before March 9, 2016, Plaintiff had a partner, Ronald Thomas, who was not on the lease for Plaintiff's apartment or for any other apartment at 2101 S. Michigan.

13. Ronald Thomas had physically abused the Plaintiff on multiple occasions, resulting in Plaintiff receiving medical treatment. Defendants and their employees were or should have been aware of this domestic abuse.

14. Plaintiff had repeatedly informed the management at 2101 S. Michigan that she didn't want Ronald Thomas to be admitted to visit her.

15. On at least one occasion, a security guard, A. Cook, prepared a report noting that there was a domestic dispute between Plaintiff and Ronald Thomas in the lobby at 2101 S. Michigan.

2

16. Further, on April 21, 2015, in violation of the Defendants' written Lease Addendum concerning the Violence Against Women Reauthorizing Act of 2013, the Defendants gave Plaintiff a Notice of Lease Violation due to disturbances caused when Ronald Thomas visited Plaintiff.

17. Domestic violence has long been an unfortunate facet of American life, affecting approximately 1 out of 3 women in their lifetime, and it the genesis for the Violence Against Women Reauthorizing Act of 2013.

18. On March 9, 2016, without Plaintiff's authorization, a security guard let Ronald Thomas into the building at 2101 S. Michigan.

19. Ronald Thomas went to Plaintiff's apartment at 2101 S. Michigan, where he began to physically abuse her. This happened due to Defendants' failure to get authorization from Plaintiff prior to admitting Ronald Thomas into the building so that he could visit the Plaintiff.

20. During Ronald Thomas' attack on Plaintiff, Ronald Thomas fell onto an object, which caused his death.

21. As a result of Defendants' failure to get authorization from Plaintiff prior to letting Ronald Thomas into the building, and through no fault of the Plaintiff's, Chicago police officers arrested Plaintiff.

22. As a result of Defendants' actions, Plaintiff was held in custody in the Cook County Jail from March 9, 2016 until the State's Attorney of Cook County dismissed all charges against her on August 16, 2017.

23. As a result of Defendants' actions, Plaintiff was forced to retain attorneys, to whom she agreed to pay $20,000.00.

24. As a result of Defendants' actions, the Defendants terminated Plaintiff's lease on March 14, 2016 and brought a complaint against her for eviction.

25. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer damages, including physical and emotional distress, loss of physical liberty, and attorney fees.

3

## COUNT 1

26. Plaintiff realleges paragraphs 1-25 as if fully set forth herein.

27. Since Plaintiff had lived in the building owned and operated by Defendants, Defendants maintained a policy of employing a security guard who required identification from any prospective non-tenant visitors and approval by the tenant prior to admitting any visitors.

28. The Defendants undertook these security measures and Plaintiff relied on these security measures to prevent unauthorized, unknown and unwanted visitors to her residence.

29. On March 9, 2016, Defendants negligently failed to follow their practice and procedures and let Ronald Thomas into the building without authorization from the Plaintiff, permitting him to gain access to Plaintiff's apartment.

30. As a result of Defendants' negligence, the Plaintiff suffered and continues to suffer the above-enumerated damages.

WHEREFORE, Plaintiff SHUMAKER demands judgment against Defendants for compensatory damages in excess of $30,000 plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT II

31. Plaintiff SHUMAKER realleges paragraphs 1-30.

32. As a result of Defendants' actions, Plaintiff suffered physical abuse and other consequences.

33. The abuse Plaintiff suffered is the result of Defendants' failure to exercise reasonable care.

34. Defendants' failure to exercise reasonable care increased and resulted in the harm Plaintiff suffered as detailed above.

WHEREFORE, Plaintiff SHUMAKER demands judgment against Defendants for compensatory damages against in excess of $30,000, plus the costs of this action and whatever additional relief this Court deems equitable and just.

4

## COUNT III

### Violation of the Violence Against Women Reauthorizing Act of 2013

35. Plaintiff SHUMAKER realleges paragraphs 1-34.

36. The Defendants violated the Violence Against Women Reauthorizing Act of 2013 by terminating the Plaintiff's lease as a result of events arising directly from Ronald Thomas committing domestic violence against the Plaintiff in her apartment located at 2101 S. Michigan due to Defendants' failure to obtain the required authorization from the Plaintiff prior to admitting Ronald Thomas into the building.

WHEREFORE, Plaintiff SHUMAKER demands compensatory damages in excess of $30,000 against Defendants, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT IV

### Violation of the Fair Housing Act

37. Plaintiff SHUMAKER realleges paragraphs 1-36

38. Domestic violence disproportionately impacts women.

39. The Defendants violated the Fair Housing Act by terminating the Plaintiff's lease as a result of events arising directly from Ronald Thomas committing domestic violence against the Plaintiff in her apartment located at 2101 S. Michigan.

WHEREFORE, Plaintiff SHUMAKER demands compensatory damages in excess of $30,000 against Defendants, plus the costs of this action and whatever additional relief this Court deems equitable and just.

A JURY TRIAL IS DEMANDED ON ALL COUNTS

Melinda Power

5

_Rachel White Domain_

Rachel White Domain


Attorneys for Plaintiff,
Melinda Power
Melindapower1 @ gmail.com
Rachel White Domain
rwhitedomain @ gmail.com

West Town Law Office
2502 W. Division, Chicago, Illinois 60622
Tel: 773/278-6706     Fax: 773/278-0635


## VERIFICATION

I, Caress Shumaker, Plaintiff in the above entitled action, on oath and pursuant to 735 ILCS 5/2 –
605, state that I have read the foregoing Complaint and that all the allegations contained therein
are based upon information and belief that are true in substance and in fact.

_Caress Shumaker_

Caress Shumaker

6