IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CARESS SHUMAKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>METROPLEX, INC., 2101 S. MICHIGAN, )<br>)<br>LLC, and TACT 1, LLC. )<br>)<br>)<br>Defendants. ) | No. 18-CV-03985 |

## MOTION TO DISMISS COUNTS I THROUGH VI OF PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME Defendants METROPLEX, INC. and 2101 S. MICHIGAN LLC, by and through their attorneys, Margaret Firnstein and Charles Prochaska of SmithAmundsen LLC, pursuant to Federal Rules of Civil Procedure 12(b)(6), and state as follows:

1. This matter arises out of the homicide of Ronald Thomas committed on March 9, 2016, which occurred in her apartment at 2101 S. Michigan Ave, Chicago, Illinois, owned and managed by Defendants.

2. At the time, Plaintiff's was a tenant of a certain apartment in the 2101 S. Michigan Ave. building.

3. Plaintiff was arrested, charged, and incarcerated for a period of time for the homicide of Ronald Thomas.

4. Plaintiff initially brought this case in the Circuit Court of Cook County, and later amended her complaint to contain causes of action presenting questions of federal law.

5. Defendants Metroplex and 2101 S. Michigan properly and timely filed a notice of removal to federal court.

6. Defendants Metroplex and 2101 S. Michigan moved to dismiss Plaintiff's First Amended Complaint. Rather than brief the motion, Plaintiff agreed to file a Second Amended Complaint addressing Defendants' arguments in their motion to dismiss, and also added a new Defendant, Tact 1, LLC, as indicated below.

7. Plaintiff filed her Second Amended Complaint on August 22, 2018. Counts IV and V of the First Amended Complaint were merged and are now Count I. Count VI is now count II. Counts VII and VIII are now Counts III and IV, respectively. Count IX is now Count V. Count III is now Count VI. Count X is now Count VII. Counts I and II are now Counts VIII and IX, and Plaintiff has added Defendant Tact 1, LLC to these final two counts.

8. Plaintiff has made insufficient substantive amendments to address Metroplex and 2101 S. Michigan's arguments regarding most of the counts set forth in Plaintiff's First Amended Complaint. She has done little more than re-arrange the order of the allegations and merge two of them.

9. Plaintiff claims that Defendants initiated eviction proceedings against her which were dismissed, but alleges that they have not provided her with continued housing assistance.

10. Plaintiff pleads in conclusory fashion that she has been damaged by Defendant's actions, but fails to specify any action taken by Defendants which caused the alleged damages.

11. Defendants are moving to dismiss Counts I through VI of Plaintiff's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

a. Count I alleges a violation of the Violence Against Women Act in that Metroplex and 2101 S. Michigan "wrongly terminated [Plaintiff's] lease" and fails to plead facts establishing how Plaintiff's lease was terminated or that it was done so improperly.

b. Count II alleges a violation of the Fair Housing Act under 42 U.S.S. §§3604 (a) and (b), but fails to plead any facts establishing that the termination of her residency was on the basis of her sex.

c. Counts I, III and IV allege violations of 42 U.S.C. §1983 in tandem with the Violence Against Women Reauthorizing Act of 2013 and the 14th Amendment to the United States Constitution, but fail to plead any facts to establish that Defendants acted under color of law outside of the conclusory statement that Defendants so acted. To the contrary, Plaintiff pleads that Defendants, private entities, failed to renew her lease, and therefore, as a matter of law, were not acting under color of law.

d. Count V alleges that she was not afforded due process of law as provided for under the Illinois Constitution, Article I, Section 2, but fails to set forth any facts demonstrating the actions taken by Defendants in violation of such protections.

e. Count VI alleges Sex Discrimination under the Illinois Human Rights Act, but fails to set forth facts demonstrating that Plaintiff was discriminating against because of her sex.

12. As a result of Plaintiff's insufficient pleading, Counts I through VI of the Second Amended Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6).

WHEREFORE, for the reasons set forth hereinabove, and those set forth in Defendants' Memorandum in Support of this Motion, Defendants pray that this Honorable Court grant their 12(b)(6) Motion to Dismiss, dismiss Counts I through VI of Plaintiff's Second Amended Complaint and grant any other relief this Court deems equitable and just.

                                        SmithAmundsen LLC

By: _____
      One of the Attorneys for Defendants,
      Metroplex, Inc., Related Management and
      2101 S. Michigan LLC

Margaret FirnsteinMFirnstein@salawus.com
Charles Prochaskacprochaska@salawus.com
SmithAmundsen LLC
150 N. Michigan Ave., Ste. 3300
Chicago, IL 60601
(312) 894-3200 (Tel)